UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

GERALD G. GOSINE,

    Debtor.

_____/

MARIE E. HENKEL, TRUSTEE,

    Plaintiff,

vs.

SORAYA MCKISSICK,

    Defendant.

_____/

Case No. 6:08-bk-06010-ABB
Chapter 7

Adv. Pro. No. 6:08-ap-00195-ABB

**FILED**

JUN 18 2009

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Complaint to Avoid and Recover Post-Petition Transfer and for Turnover of Property of the Estate (Doc. No. 1) filed by Marie E. Henkel, the Plaintiff and Chapter 7 Trustee herein ("Trustee"), seeking turnover of a motorcycle from Soraya McKissick, the *pro se* Defendant herein ("Defendant").

A hearing was held on March 23, 2009 at which the Trustee, counsel for the Trustee, and the Defendant appeared. The Defendant, pursuant to the Court's directive, submitted supplemental documentation post-hearing (Doc. Nos. 13, 14). Judgment is due to be entered in favor of the Trustee and against the Defendant for the reasons set forth herein.

## FINDINGS OF FACT

Gerald Gregory Gosine, the Debtor herein ("Debtor"), filed this case on July 16, 2008 ("Petition Date"). The Defendant and the Debtor live together at the Debtor's address of record of 913 Pondview Court, Celebration, Florida 34747 and were engaged at one time.

They own the Pondview Court property as joint tenants with right of survivorship and it is encumbered by a Mortgage held by SunTrust Mortgage, Inc., which the Debtor and Defendant jointly executed.[1] They jointly own a SunTrust Bank account, Account Number ********7738, titled "Gerald G Gosine or Soraya McKissick" ("SunTrust Account").[2]

The Debtor, on the Petition Date, was named as the sole registered owner of a 1997 1350CC Harley Davidson motorcycle, VIN 1HD1FBR10VY608943 ("Motorcycle"), on the State of Florida Certificate of Title, Title Number 89142630, issued on June 20, 2005.[3] The Motorcycle is not encumbered by any liens.[4]

The Debtor did not list the Motorcycle as an asset in Schedule B; he listed "None" for Question 25 regarding vehicles.[5] He did not claim the Motorcycle as exempt in Schedule C.[6] The Debtor set forth in Question 10 of his Statement of Financial Affairs (requiring disclosure of transfers of property made within two years of the Petition Date) he "sold motorcycle for $14k" to the Defendant on "7/20/07."[7]

---

[1] Main Case Doc. Nos. 1, 26.
[2] Doc. No. 14.
[3] Doc. No. 1; Trustee's Exh. C.
[4] Id.
[5] Main Case Doc. No. 1.
[6] Id.
[7] Id.

The Transfer of Title portion of the Motorcycle's Certificate of Title is filled out in handwriting naming the Debtor as the "Seller" and the Defendant as "Purchaser" of the Motorcycle for a sales price of "14,000.00."[8] The odometer reading as of "7/20/07" is listed as 12,208 miles.[9] The Transfer of Title was purportedly executed by the Debtor and the Defendant on "7/20/07."[10]

The Debtor remained the registered owner of the Motorcycle on the Petition Date. The Transfer of Title was not recorded with the State of Florida until August 12, 2008—approximately one month after the Petition Date.[11]

The Trustee asserts the Motorcycle constituted non-exempt property of the Debtor's estate on the Petition Date and the transfer of title to the Defendant constitutes an unauthorized post-petition transfer. The Trustee seeks to avoid the transfer and recover the Motorcycle for the benefit of the estate through her strong-arm powers.

The Defendant asserts she had an interest in the Motorcycle on the Petition Date and such interest is not subject to avoidance. She presented two conflicting bases for her purported interest in the Motorcycle: (i) she purchased the Motorcycle from the Debtor for $14,100.00 prepetition; and (ii) she loaned the Debtor $14,100.00 and the Motorcycle is security for the loan. She explained the Debtor intended to transfer title to her prepetition, but she had forgotten to record the transfer until August 12, 2008.

---

[8] Doc. No. 1; Trustee's Exh. C.
[9] Id.
[10] Id.
[11] Doc. No. 1; Trustee's Exh. D.

3

The Defendant presented copies of a Bank of America cashier's check, Check Number 5731097, made payable to the Debtor on July 20, 2007 and SunTrust Account statements.[12] She stated the Debtor had been experiencing financial difficulties, requested financial assistance, and the cashier's check constituted funds from the liquidation of her 401(k) retirement plan.

The cashier's check was deposited into the SunTrust Account on July 20, 2007.[13] The deposited funds were fully expended.[14] The account records reflect the funds were used for the Defendant's benefit through payment of the mortgage, credit card debts, and personal expenses.[15]

The title transfer on August 12, 2008 was made while the Trustee was investigating the Motorcycle. The Defendant did not transfer the title until the Debtor had "informed [her] of the situation . . . ."[16]

The Defendant presented no documentation indicating she was granted a security interest in the Motorcycle. No liens are notated on the Certificate of Title.

### *Florida Statutory Law*

The Motorcycle is a motor vehicle subject to the statutory registration and titling laws of the State of Florida. The registration and titling statutes are clear and unambiguous. The Debtor, as the named owner in the Certificate of Title, was the owner of the Motorcycle on the Petition Date pursuant to the plain meaning of the Florida

---

[12] Doc. Nos. 13 14.
[13] Id.
[14] Doc. No. 14.
[15] Id.
[16] Doc. No. 14; Defendant's September 7, 2008 Letter to Trustee.

registration and titling statutes. The Motorcycle constituted non-exempt property of the estate on the Petition Date.

Ownership of the Motorcycle was transferred to the Defendant on August 12, 2008 through registration of the Transfer of Title with the State of Florida. The recordation of the Transfer of Title constitutes a post-petition transfer of property of the estate. The Defendant is the initial transferee of the Motorcycle. The transfer was not authorized by the Bankruptcy Code or the Court.

No lien interest was notated on the Certificate of Title pursuant to the Florida motor vehicle lien recordation statute. Such lien recordation statute is clear and unambiguous. The Defendant does not have a lien interest in the Motorcycle pursuant to the plain meaning of the Florida lien recordation statute.

The Defendant had no judicially recognizable interest in the Motorcycle on the Petition Date. The Motorcycle constituted property of the estate on the Petition Date. The post-petition transfer of title on August 12, 2008 was not authorized by the Bankruptcy Code or the Court.

The transfer is avoidable. The Trustee is entitled to recover the Motorcycle from the Defendant. The Defendant is strictly liable to the Trustee for the return of the Motorcycle. The Motorcycle is free and clear of any claims. It may be recovered and administered by the Trustee for the benefit of the estate.

The Trustee requests in her Complaint and Motion an award of attorneys' fees and costs, but presented no basis for such an award. Her request is due to be denied.

## CONCLUSIONS OF LAW

Section 541(a) of the Bankruptcy Code broadly defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." All of the Debtor's legal and equitable interests in real and personal property became property of the estate on the Petition Date. 11 U.S.C. § 541(a).

Property interests are created and defined by state law, unless a particular federal interest requires a different result. Butner v. United States, 440 U.S. 48, 55 (1979). Florida statutory law governs the determination of ownership of the Motorcycle. Id. Bankruptcy law, if the Debtor is determined to have had an interest in the Motorcycle on the Petition Date, governs whether the interest constitutes property of the estate. In re Daugherty, 261 B.R. 735, 738 (Bankr. M.D. Fla. 2000).

Motorcycles are motor vehicles subject to the Florida statutory registration and titling laws. FLA. STAT. § 320.01; FLA. STAT. §§ 319.001-319.41. Section 319.22 of Chapter 319 the Florida Statutes governs the transfer of title of a motor vehicle. A person does not obtain "marketable title" to a motor vehicle "until he or she has had issued to him or her a certificate of title to the motor vehicle . . . ." Fla. Stat. § 319.22(1). The statute further provides:

> Except as provided herein, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle or mobile home sold, disposed of, mortgaged, or encumbered, unless evidenced by a certificate of title duly issued to that person, in accordance with the provisions of this chapter.

FLA. STAT. § 319.22(1).

The Florida Supreme Court rejected as too narrow the finding Section 319.22's purpose was to protect bona fide vehicle owners who have relied upon duly issued certificates of title. Lamar v. Wheels Unlimited, Inc., 513 So.2d 135, 137 (Fla. 1987). It concluded the Florida Legislature's intent in enacting Section 319.22 was broader. Id. The statute "reflects an intent that title to motor vehicles in Florida may only be transferred pursuant to the provisions of Chapter 319." Id.

Section 319.27(1) of Chapter 319 governs the creation of an enforceable lien on a motor vehicle. A lienholder must file a lien notice and have the lien notated on the certificate of title. FLA. STAT. § 319.27. No lien is notated upon the Motorcycle's Certificate of Title. The Motorcycle is unencumbered. FLA. STAT. § 319.27(1).

The statutory language of Florida Statute Sections 319.22 and 319.27 is unambiguous and does not demand absurd results. In re Coburn, 250 B.R. 401, 404 (Bankr. M.D. Fla. 1999). The statutory language must be given its plain meaning. Id. "If a party does not follow the requirements of Chapter 319, the party cannot later assert any ownership or lien interest in the [vehicle]." Id.

The Certificate of Title named the Debtor as the owner of the Motorcycle on the Petition Date. The Defendant had no recognizable right, title, claim, or interest in the Motorcycle on the Petition Date pursuant to Florida Statute Section 319.22(1). No lien has been notated on the Certificate of Title in favor of the Defendant. The Defendant has no lien interest in the Motorcycle pursuant to Florida Statute Section 319.27.

The Defendant had no "judicially recognizable" interest in the Motorcycle on the Petition Date. In re Coburn, 250 B.R. at 404. The Motorcycle constitutes non-exempt property of the estate pursuant to 11 U.S.C. Section 541(a)(1). In re Coburn, 250 B.R. at 405.

Section 549 of the Bankruptcy Code authorizes a trustee to:

(a) . . . avoid a transfer of property of the estate--

(1) that occurs after the commencement of the case; and

(2) (A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a). A trustee, where a transfer has been avoided:

(a) . . . may recover the property transferred, or, if ordered by the Court, the value of such property from--

(1) The initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) Any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

Section 550(b) provides a "good faith" equitable defense for immediate and mediate transferees of an avoidable transfer. The "good faith" defense does not apply to an initial transferee and beneficiaries. 11 U.S.C. §§ 550(a), 550(b). An initial transferee is strictly liable for the avoided transfer. Id.; In re Toy King Distribs., Inc., 256 B.R. 1, 144 (Bankr. M.D. Fla. 2000).

Title to the Motorcycle was transferred to the Defendant on August 12, 2008. She is the initial transferee of the transfer. The post-petition transfer was not authorized by the Bankruptcy Code or the Court. The transfer is void pursuant to 11 U.S.C. Section 549(a). The Defendant has strict liability for the turnover of the Motorcycle. 11 U.S.C. §§ 550(a), 550(b); In re Toy King, 256 B.R. at 144.

The Trustee is entitled to recover the Motorcycle from the Defendant pursuant to 11 U.S.C. Section 550(a). The Defendant may file a proof of claim in this case for any damages she may have suffered. 11 U.S.C. § 502(h); In re Coburn, 250 B.R. at 404.

The filing of the bankruptcy case created an estate and triggered various statutory asset-recovery provisions. The Defendant, had the Debtor not filed for bankruptcy, may have been able to assert an equitable interest in the motorcycle in a non-bankruptcy forum.

The Motorcycle is free and clear of any claims. The Motorcycle is subject to administration by the Trustee pursuant to 11 U.S.C. Sections 542(a), 704(a), and 363(f). The Trustee is entitled to judgment against the Defendant.

The Trustee requests in her Complaint and Motion an award of attorneys' fees and costs, but presented no legal basis for such an award. Her request is due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the August 12, 2008 transfer of title of the Motorcycle is hereby **AVOIDED** pursuant to 11 U.S.C. Section 549(a); and it is further

**ORDERED, ADJUDGED and DECREED** that the Motorcycle constitutes property of the estate pursuant to 11 U.S.C. Section 541(a) and the Defendant, pursuant to 11 U.S.C. Sections 550(a) and 542, is hereby directed to deliver the Motorcycle to the Trustee within fourteen (14) days of the entry of this Memorandum Opinion or to make other arrangements satisfactory to the Trustee; and it is further

**ORDERED, ADJUDGED and DECREED** that the Trustee is authorized to administer the Motorcycle pursuant to 11 U.S.C. Sections 704(a) and 363(f); and it is further

**ORDERED, ADJUDGED and DECREED** that the Trustee's request for attorneys' fees and costs is hereby **DENIED**.

A separate Judgment consistent with this Memorandum Opinion and Order shall be entered contemporaneously.

Dated this 18th day of June, 2009.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge